IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-323-1BO

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER OF REVOCATION OF** |
| | ) | **PRETRIAL RELEASE AND FOR** |
| TRELLIS P. WILLIAMS, | ) | **DETENTION PENDING TRIAL** |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the amended petition (D.E. 27), pursuant to 18 U.S.C. § 3148(b), to revoke defendant's pretrial release, on which he was placed on 8 November 2011 (*see* Release Order (D.E. 13)).[1] The petition is based on defendant's submission on 14 November 2011 of a urine screen positive for cocaine and marijuana, and his explanation that while he did not use cocaine after his release, he did after his release repackage two ounces of cocaine into two bags and gave the cocaine to a friend. At the revocation hearing, the government presented the testimony of a U.S. Probation Officer who, in addition to testifying to the foregoing facts, stated that after his arrest for the release violations defendant admitted that he had used cocaine and that his prior denial of use was not truthful. Defendant presented the testimony of the third-party custodian appointed for him pursuant to the Release Order, his mother.

After careful consideration of the credible information and argument presented, and for the reasons stated herein and in open court, IT IS ORDERED that the amended petition for revocation is ALLOWED. The court makes the following findings pursuant to 18 U.S.C. § 3148(b) in support of this ruling:

---

[1] At the proceeding, defendant waived his right to a preliminary hearing on the violations alleged in the amended petition for revocation.

1. There is probable cause to believe that defendant committed federal crimes while on release. *See id.* (b)(1)(A). Specifically, he has admitted to possessing and distributing a controlled substance while on release. There is accordingly a rebuttable presumption that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b). Defendant did not rebut this presumption.

2. There is clear and convincing evidence that defendant has violated, in addition to the condition that he not violate any federal law while on release, the condition that he refrain from unlawful possession of a controlled substance. *See id.* (b)(1)(B); (Release Order ¶¶ 1, 8(p)). The evidence supporting this finding includes defendant's admission to possession of cocaine, which is corroborated by his positive test for cocaine.

3. Based on the factors set forth in 18 U.S.C. § 3142(g) and the foregoing presumption, there is no condition or combination of conditions of release (including specifically home incarceration and electronic monitoring) that will assure that defendant will not flee or pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b)(2)(A). Considerations supporting this finding include the failure of the third-party custodial arrangement to deter defendant from his violative conduct or to detect its occurrence (the custodian was not aware until defendant's arrest on the revocation petition; he had not told her of his positive drug tests); defendant's commission of such a serious violation so soon after being placed on release; defendant's lying to his Probation Officer about his use of cocaine; and the increased incentive defendant now has to flee as a result of the possible federal felony drug offense charges arising from his violative conduct as well as the enhanced penalties defendant faces under 18 U.S.C. § 3147 if convicted of such an offense. While aside from the subject conduct defendant has apparently been in compliance with

the conditions of release, such conduct is of such gravity and the circumstances under which it occurred so aggravated that it strongly offsets any mitigating effect his compliant conduct may have.

4. Defendant is unlikely to abide by—at the very least—the conditions that he not violate any federal, state, or local law while on release or that he refrain from unlawful possession of a controlled substance. *See* 18 U.S.C. § 3148(b)(2)(B). The unlikelihood of his compliance with these conditions is shown by, among other evidence, his prior violation of them so soon after being placed on release.

IT IS THEREFORE FURTHER ORDERED that defendant's pretrial release is REVOKED and defendant is COMMITTED to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 9th day of December 2011.

James E. Gates
United States Magistrate Judge